UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY ILEY,

    PLAINTIFF,

v.                                                                      Case No. 2:05-CV-71273

METROPOLITAN LIFE INSURANCE                  Honorable Sean F. Cox
COMPANY and THE KROGER CO.
HEALTH AND WELFARE PLAN,

    DEFENDANTS.

_____/

## OPINION & ORDER

In this action, brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"), Plaintiff Kelly Iley ("Plaintiff") challenged the decision of Defendant Metropolitan Life Insurance Company ("MetLife")[1] to terminate her long-term disability benefits under a plan offered by her employer, the Kroger Company. After the parties filed cross-motions for summary judgment, in an Opinion & Order issued on September 27, 2006, this Court granted Plaintiff's motion seeking to reverse MetLife's benefit determination and denied MetLife' cross-motion seeking to affirm the benefits determination. The matter is currently before the Court on Plaintiff's Motion for Attorney Fees.[2] The Court finds that the

---

[1] The Kroger Co. Health and Welfare Plan was initially named as a defendant in this action, but was dismissed by stipulation of the parties on July 7, 2005.

[2] That motion initially also sought a determination regarding prejudgment interest. The parties, however, have since reached an agreement as to the applicable rate for prejudgment interest. *See* Def.'s Resp. at 1.

1

issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons that follow, Plaintiff's Motion for Attorney Fees shall be GRANTED IN PART AND DENIED IN PART.

## ANALYSIS

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132(g)(1). In a case such as this one, the Sixth Circuit recognizes no presumption as to whether attorney fees will be awarded. *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 936 (6th Cir. 1996). That is, the Sixth Circuit has rejected the proposition that a plan participant who wins an ERISA benefits action should ordinarily recover an attorney fee award unless special circumstances would render such an award unjust. *Id*. Rather, when considering whether an attorney fee award is appropriate, district courts should consider the following five factors: 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney's fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions. *Id*. at 936-37.

Although no single factor is determinative, a district court should weigh each factor before exercising its discretion. *Wells v. U.S. Steel*, 76 F.3d 731 (6th Cir. 1985). This Court will therefore consider each of these factors in determining whether an attorney fee award is

2

appropriate here.

A.      An Attorney Fee Award Is Warranted In This Case.

Although the Court ultimately concluded that MetLife's decision was arbitrary and capricious, the Court does not find that MetLife acted in bath faith. In addition, it is undisputed that Plaintiff did not seek to confer a common benefit on all participants and beneficiaries of an ERISA plan, and Plaintiff has not asserted that this action resolved significant legal questions regarding ERISA. The first and fourth factors therefore weigh against an attorney fee award.

The remaining factors, however, weigh in favor of an attorney fee award. There is no dispute that MetLife has the ability to satisfy an award of attorney fees. While the Court does not consider this a strong factor in the analysis, the second factor does weigh in favor of an award. The Court also concludes that the relative merits of the parties' positions and the deterrent effect of an attorney fee award weigh in favor of an award. The Court therefore concludes that an attorney fee award is appropriate in this case.

B.      The Court Concludes That A Reduced Attorney Fee Award Is Appropriate.

In its Motion for Attorney Fees, Plaintiff requested attorney fees in the amount of $34,790.00, which consists of 99.4 hours worked by attorney Troy Haney (at $350.00 per hour) and 28.1 hours worked by a legal assistant (at $75.00 per hour). Plaintiff also requested various litigation costs in the amount of $1,090.71.

In opposing Plaintiff's motion, MetLife challenged: 1) 7.4 hours of claimed attorney time and 12.3 hours of claimed legal assistant time incurred; 2) Plaintiff's assertion that $350.00 and $75.00 are reasonable hourly rates, asserting that Plaintiff provided no evidence to establish that those rates are reasonable rates based on the prevailing rates in the local community; and 3)

3

Plaintiff's requested litigation costs.

In her Reply Brief, Plaintiff conceded MetLife's requested reduction of hours and the reduction of the claimed costs. She did not, however, concede that the requested hourly rates are excessive.

Any award of attorney fees must be reasonable based on the rates in the *local community*. *See e.g., Roland v. Johnson*, 974 F.2d 1339 (6th Cir. 1992). Plaintiff, as the party requesting an attorney fee award has the burden of establishing that the hourly rates requested are based on comparable rates in the local community. In support of the requested rate, Plaintiff submitted an opinion from a *California* court in which it approved requested hourly rate of $415.00, $400.00 $395.00 for attorneys. Plaintiff, however, has not submitted any evidence from which this Court can conclude that $350.00 per hour is a reasonable hourly rate in the local community of the Metropolitan Detroit area for the services rendered in this case. Similarly, Plaintiff has offered no evidence that $75 per hour is a reasonable rate in the local community for a legal assistant. Nevertheless, MetLife concedes that $225.00 per hour would be a reasonable hourly rate in the local community for an attorney, and that $22.00 per hour would be a reasonable hourly rate in the local community for a legal assistant.

The Court will therefore award Plaintiff a total of $20,700.00 for attorney fees incurred by Troy Haney (92 hours at $225.00 per hour). The Court will also award Plaintiff a total of $347.60 (15.8 hours at $22.00 per hour) for services performed by Mr. Haney's legal assistant. Accordingly, Plaintiff's total attorney fee award shall be $21,047.60.

C.  A Final Judgment Will Be Entered Based On The Parties' Agreement As To Back Benefits And Prejudgment Interest.

In her Reply Brief, Plaintiff states that the Court's resolution of the Motion for Attorney Fees will resolve the last impediment to entry of a final judgment in this case and requests that a final judgment be entered. Plaintiff further asserts that the parties have agreed as to: 1) the total back benefit owed to Plaintiff ($86,787.18), and the appropriate prejudgment interest ($6,946.89), for a total past due benefit of $93,734.07. Unless MetLife objects to these amounts within seven days of this Opinion & Order, the Court will enter a final judgment that includes those amounts, as well as the attorney fees awarded in this Opinion & Order.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion is **GRANTED IN PART** in that the Court is issuing an attorney fee award in Plaintiff's favor. Plaintiff's motion is **DENIED IN PART** in that the Court is not awarding Plaintiff the full amount of fees requested. Plaintiff is hereby awarded a total of $21,047.60 in attorney fees, pursuant to 29 U.S.C. §1132(g)(1).

**IT IS SO ORDERED.**

```
                                S/Sean F. Cox
                                SEAN F. COX
                                UNITED STATES DISTRICT COURT JUDGE
```
Dated: January 4, 2007

---

## PROOF OF SERVICE

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 4, 2007.

```
                                s/Jennifer Hernandez
                                Case Manager to
                                District Judge Sean F. Cox
```

5